## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID WEHRMAN, #08222-028,

Petitioner,

vs.

LISA J. HOLLINGSWORTH,

Respondent.                                   No. 10 - CV - 00843 DRH


## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus (Doc. 1). Petitioner, an inmate in the U.S. Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his May 2007 conviction and sentence in the U.S. District Court for the Southern District of Indiana. Petitioner pled guilty to conspiracy to distribute a controlled substance and was sentenced to 121 months' imprisonment. Petitioner did not appeal his conviction.

In May 2008 petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the trial court alleging that he should have been allowed to withdraw his guilty plea because he was under the influence of drugs and unable to understand the proceedings when the court accepted his plea and sentenced him. He also claimed his trial counsel was

ineffective. This motion was denied by the trial court on September 9, 2009 (Doc. 1-1, p. 40) The Seventh Circuit denied petitioner's application for a certificate of appealability on May 19, 2010 (Doc. 1-1, p. 41), and final judgment dismissing the appeal was entered on July 12, 2010.

Upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). RULE 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a prisoner may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus, 28 U.S.C. § 2241. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a prisoner may challenge his conviction pursuant to § 2241 if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e).

Petitioner contends that he is one of those for whom the § 2255 is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609–10 (7th Cir. 1998). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in his conviction.

In *In re Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *In re Davenport*, 147 F.3d at 611 (emphasis added). The Seventh Circuit has clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime due to some subsequent change in the law as contemplated by the *Kramer* court. Instead, petitioner asserts that he was unlawfully convicted and is "actually innocent" of the conspiracy crime because his drug use rendered him unable to understand the consequences of his guilty plea, his attorney misled him about the legal implications of his actions on which the conspiracy charge was

grounded, and the original indictment differed from the language in the judgment of conviction. Petitioner claims he was under the influence of drugs not only when he executed the plea agreement, but also during the plea hearing and sentencing hearing, and further claims that his attorney was aware he was impaired by drugs yet coerced him to plead guilty.

All of petitioner's arguments boil down to an attempt to extricate himself from a plea agreement that the trial court found to be knowing, intelligent, and voluntary, and which was entered into with the competent assistance of counsel. The trial court conducted a specific inquiry into the matter of petitioner's alleged impairment from drug use, and concluded that the plea was knowing and voluntary (Doc. 1-1, p. 39). It further found, based on the petitioner's answers to questions and the court's own observations, that he was competent to understand the proceedings and assist counsel, and that he did not demonstrate ineffective assistance by his attorney. Nothing in the instant petition establishes that petitioner was not fully aware of the direct consequences of his plea or that he was not made aware of the nature of the charges against him, lacked competent counsel, or was unable to understand the proceedings. *See Brady v. U.S.*, 397 U.S. 742, 755-57 (1970). There is no basis for this Court to find that petitioner's plea was not voluntarily or intelligently made.

The plea agreement included a waiver of the petitioner's right to collaterally attack his guilty plea and conviction. Despite this waiver, which the trial court found to be valid, the trial court considered the merits of petitioner's challenge to his guilty plea and claim of ineffective assistance of counsel, and denied relief. Raising these

claims in a § 2255 motion was procedurally correct. Section 2255 thus does not prove to be an inadequate remedy for petitioner's claims, and under *In re Davenport* he cannot raise the claims in a § 2241 petition.

Therefore, 28 U.S.C. § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 8th day of April, 2011.

David R. Herndon
2011.04.08
05:40:50 -05'00'

**Chief Judge**
**United States District Court**